SCHULZ et al. v. DAVIS et al. (No. 5916.)

(Court of Civil Appeals of Texas. San Antonio. June 13, 1917. Rehearing Denied July 2, 1917.)

APPEAL AND ERROR ☞1010(1) — REVIEW — FINDINGS OF FACT.

The court of appeals is bound by the district court's finding of fact, having evidence to sustain it, that it is not for the best interest of the people in a certain school district to be divided into two districts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981, 4024.]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by M. Schulz and others against J. R. Davis and others. From an adverse judgment, plaintiffs appeal. Affirmed.

D. A. McAskill, O. B. Black, and R. L. Edwards, all of San Antonio, for appellants. Lewright & Douglas, of San Antonio, for appellees.

SWEARINGEN, J. This is an appeal from a decree of the district court which denied appellants' petition for a temporary restraining order and for a writ of mandamus.

Appellants alleged that the various persons named as defendants, in averred capacities, refused to create two districts out of common school district No. 23, in Bexar county, Tex.; that they were taking unnecessary steps to have an election to raise the maintenance tax and also to have an election to bond the district No. 23 for the purpose of building a high school in the town of Elmendorf, which town is located in the said district, but about 1½ miles north of the south end of the district; that this location was inconvenient to the many children of scholastic age of three of the appellants, namely, Woessner, Weller, and Streich, because these children lived near the north end of district No. 23, which was about 6 miles long, and to get to the school in the town of Elmendorf some of them would have to travel 17 miles and cross creeks and gullies, at times swollen from rains. Considering the exhibits as part of the petition as requested, it appears that there is a second school, about 3½ miles north of Elmendorf. The mandamus was desired to compel the school authorities to create the two school districts petitioned for, and which the district court was prayed to order established. The injunction was to restrain the holding of the two elections. The irreparable injury alleged was that if the elections were held, the tax and bonds would be voted, and, if voted, would be executed, and, if executed, would be sold, and, if sold, the district No. 23 could not be divided and be free from the tax and indebtedness. Appellees answered that there were two schools in the district No. 23, one near the northern end and the one in Elmendorf near the southern end; that it was for the best interest of the district to maintain two schools and improve both. The evidence showed a marked conflict in the desire of the residents of the district. The minority, it seems, who lived in the northern end, did not wish a high school in Elmendorf for which they were to be taxed, while the majority were anxious for the one district and the high school at Elmendorf for which the whole district was to bear the tax. The evidence further showed no necessity for division, inasmuch as there are and will be sufficient conveniently located schools. After hearing all the testimony the district court determined that there was no necessity for a division of the district No. 23.

While there have been some conflicts in the several decisions as to the power of a district court over the decisions of county school trustees and commissioners' courts, there is no conflict in the rule that this appellate court is bound by the findings of the district court on issues of facts where there is evidence to sustain those findings. In this case the district court found, as shown by its decree, from the evidence, that it was for the best interest of the people in common school district No. 23, Bexar County, Tex., for said district not to be divided into two districts, and we do not feel authorized nor inclined to disturb that conclusion of the district court.

The judgment is affirmed.